No. 2829

Second Circuit

## LAWRENCE v. DAVIDSON

(December 11, 1926. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 625.**

The written opinion of the trial judge as to a question of fact has great weight with the Court of Appeal and will not be disturbed unless manifestly erroneous.

Sullivan vs. United Fruit Co., 3 La. App. 783.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by W. Talton Lawrence et al. against Mal Davidson.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiffs, appellees.

T. S. Price, of Ruston, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiffs in this case sue to recover $375.00 damages alleged to have been done to their Ford automobile

in a head-on collision between one of the plaintiffs and the defendant while they were driving Ford cars about midnight on February 20, 1926.

Plaintiff contends that the accident was caused by the defendant's negligence in driving his car on his left of the center of the road at the point of collision.

Defendant denied liability and contended that the accident was caused by plaintiff's negligence in driving his car on his left of the center of the road at the point of collision, and asked, in reconvention, for judgment against plaintiffs for $12.35.

On these issues the case was tried and there was judgment for plaintiffs for $150.00. Defendant has appealed. Plaintiff has answered the appeal and asks for an increase in the judgment.

## OPINION

The only question for decision in this case is as to whose fault caused the accident. Our learned brother of the district court in an able and well-considered opinion said, in part:

"The testimony of these only eye-witnesses—plaintiff on one side and defendant and his two companions, on the other—as diametrically and emphatically oppose each other as it is possible for witnesses to testify on the point as to how it happened; and if this was the end of the testimony, and the evidence was carried no further, there would be but little left for the court to do but to decide the case on the preponderance of the testimony, or in favor of the defendant. But the evidence did not stop there. Physical facts, that silent witness that speaks not with a silvery tongue, or in rounded periods, but strikes with a leaden fist, is called to the witness stand to testify by plaintiff to support plaintiff's testimony;

and it is upon this evidence that this case must be determined, provided, of course, it connects up all right and properly.

*    *    *    *

"The court will have to rely upon the physical facts testified to by witnesses who visited the scene of the wreck the morning after it occurred, rather than the testimony of the eye-witnesses.".

The witnesses who testified to the physical facts showed that the accident occurred on defendant's left side of the center of the road. They were W. T. Lawrence, Homer McBride, Eugene Nolan, Floyd Nolan and Jim Wright. Their testimony is clear and positive to the effect that the accident, as clearly demonstrated by the signs of the wreck left upon the ground, occurred on defendants left hand side of the middle of the road. Their testimony convinced the district judge that the accident occurred on defendant's left hand side of the center of the road.

We have carefully read all of the evidence and are convinced that the findings of the district judge, fixing responsibility for the accident upon defendant, is correct.

## QUANTUM OF DAMAGES

Plaintiff contends that the damages allowed by the judgment should be increased, but he cites us to no substantial evidence given on the trial of the case in support of this contention.

Defendant insists that the repairs on plaintiff's car only amounted to $129.00 and contends that from this amount should be deducted $2.00, cost of putting pistons in, and the cost of the set of transmission bands.

These items do not amount to a great deal, and the body of plaintiffs car, ac-

cording to the evidence introduced on the trial, was warped and considerably damaged, and we think all of the evidence in the case was sufficient to warrant the amount awarded by the judgment.

Under all of the evidence we are convinced that the judgment of the district court is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.